**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR 04-1100-PHX-DGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| William Kevin Domingo, | ) | |
| Defendant. | ) | |

The Court held a final pretrial conference on April 6, 2006. On the basis of the Government's agreement, the Court granted Defendant's Motion in Limine. *See* Doc. #56. The Government and its witnesses shall make no mention of the handgun found in Defendant's residence or any statements concerning the handgun.

The Court heard lengthy oral argument on the Government's Motion in Limine (Doc. #57) and Defendant's response (Doc. #77), and took the motion under advisement. This order will set forth the Court's ruling.

Defendant seeks to introduce four categories of evidence concerning Government witnesses in the case. The evidence concerns prior convictions or wrongful acts that Defendant contends are admissible to prove facts other than the propensity of the witnesses to engage in criminal conduct. Defendant argues that these convictions and wrongful acts are admissible under Rule 404(b) of the Federal Rules of Evidence. The Court will discuss each category of evidence separately.

**I.    Kisto's Previous Domestic Violence and Alleged Intimidation of Witnesses.**

Government witnesses in this case include Lawrence Samuel Kisto, Lisa Pablo, Hubert Evans, and Russell Blackwater, Sr. These individuals were visiting Defendant on the night in question. Defendant and Kisto began arguing in Defendant's residence. The argument moved outside, and, by the time the argument ended, Theopholis James had been shot to death and Defendant and Evans had been wounded. Kisto, Pablo, Evans, and Blackwater apparently will testify that Defendant was the aggressor and that they fired shots only in self-defense.

Defendant seeks to introduce evidence that Kisto has assaulted Pablo, his girlfriend, on numerous prior occasions, and that each time Pablo has declined to testify against Kisto. The point of this evidence, according to Defendant, will be to show that Pablo's testimony in this case is most likely the result of Kisto's intimidation and Pablo's submission to that intimidation, as demonstrated by their long and violent relationship.

Defendant seeks to introduce six prior incidents: (1) In June of 1995, Pablo sought an order of protection against Kisto but subsequently withdrew her request for the order. (2) In July of 1996, Kisto was arrested for assaulting Pablo. Arresting officers reported that Pablo appeared afraid of Kisto and no charges were filed. (3) In January of 1999, Kisto again assaulted Pablo and Pablo stated that she did not want Kisto to be prosecuted. (4) In May of 1999, Kisto was again arrested for assaulting Pablo and no charges were filed. (5) In November of 2000, Kisto once more was arrested for assaulting Pablo and Pablo refused to press charges. (6) In January of 2001, Kisto allegedly assaulted his sister with a knife. He later denied any involvement, denied knowing his sister, and allegedly intimidated his sister into declining to press charges against him.

The Ninth Circuit test for admission of evidence under Rule 404(b) includes four parts: (1) there must be sufficient proof for the jury to find that the person committed the other act; (2) the other act must not be too remote in time; (3) the other act must be introduced to prove a material issue in the case; and (4) the other act must, if knowledge or

1  intent is at issue, be similar to the offense charged. *See United States v. Tsinnijinnie*, 91 F.3d
2  1285, 1288-89 (9th Cir. 1996). The Court will address each of these factors separately.

3  First, in determining whether there is sufficient evidence for the jury to find that Kisto
4  committed the alleged assaults, the Court must consider whether the evidence is sufficient
5  for a reasonably jury to find by a preponderance of the evidence that the act occurred and
6  Kisto was the actor. *United States v. Boise*, 916 F.2d 497, 501 (9th Cir. 1990). In this case,
7  Defendant will ask Kisto and Pablo about the alleged assaults during cross-examination. If
8  they deny the assaults and that Pablo was reluctant to testify against Kisto, Defendant will
9  present testimony from the law enforcement officers who investigated the assaults and spoke
10 with Pablo. The Court concludes that such evidence is likely to be sufficient for a jury to
11 find, by a preponderance of the evidence, that Kisto committed the prior acts and that Pablo
12 was intimidated.[1]

13 Second, determining whether the other acts are too remote in time requires a case-
14 specific inquiry. The Ninth Circuit "has not identified a particular number of years after
15 which past conduct becomes too remote." *United States v. Johnson*, 132 F.3d 1279, 1283
16 (9th Cir. 1997). "Rather, '[d]epending upon the theory of admissibility and the similarity of
17 the acts . . . some remote acts may be extremely probative and relevant.'" *Id.* (quoting *United
18 States v. Spillone*, 879 F.2d 514, 519 (9th Cir. 1989)). The Court in *Johnson* affirmed the
19 admission of acts that occurred 13 years prior to the alleged crime, finding that the acts were
20 sufficiently similar to warrant their admission despite the passage of so much time. *Id.*
21 Although Kisto's acts of domestic violence are not factually similar to the shooting in this
22 case, his alleged previous intimidation of Pablo is similar to the effect Defendant claims
23 Kisto is having on Pablo in this case – in both the former instances and this one, the
24 allegation is that Kisto is intimidating Pablo to protect his own interests and avoid criminal

---

[1] If counsel for the Government believes at trial that the evidence is insufficient, the Court will entertain arguments at that time. The Court notes, however, that the Ninth Circuit has observed that "[t]his reliability threshold is not a high one, and the testimony of a single witness can be sufficient." *United States v. Johnson*, 132 F.3d 1279, 1283 (9th Cir. 1997).

prosecution. Because Pablo is a critical Government witness, and because Kisto's potential influence on her is a critical question in the assessment of her credibility, the Court concludes that the domestic violence incidents are probative notwithstanding the passage of eight years between the earliest event and the crime in this case.

Third, the acts of domestic violence and intimidation toward Pablo are being presented to address a material issue in this case – the reliability of Pablo's testimony – by showing that Pablo is under the influence of Kisto. The evidence is not being presented to show that Kisto has a propensity to commit crime, and the Court will so instruct the jury.

Fourth, because the previous acts of domestic violence are not being presented to prove knowledge or intent on the part of Kisto, the requirement of similarity does not apply.

In addition to this four-part analysis, the Court must determine whether the danger of unfair prejudice or other trial problems outweighs the probative value of this evidence. Probative value concerns more than relevance. In assessing the probative value of evidence, the Court must consider whether other evidence in the case will accomplish the same objective. So far as the Court is aware from the extensive arguments made by the parties at the final pretrial conference, there is no other evidence to demonstrate that Pablo is likely intimidated by and under the control of Kisto. Thus, the evidence on this critical credibility issue is highly probative.

The Court sees two potential problems with admitting the evidence. The first is the danger that the jury might conclude that Kisto deliberately committed the shooting because he is a criminal prone to violence. The Court concludes, however, that this danger can be eliminated through careful instructions to the jury.

The second concern is that admission of this evidence will result in a series of mini-trials concerning the prior assaults by Kisto. Although the Court is genuinely concerned about this issue, it concludes that the testimony of Pablo is sufficiently important, and the possibility of her being intimidated by Kisto sufficiently critical to an assessment of her credibility, that the Court is willing to entertain some additional trial time in order for

1  Defendant to present this evidence.  The Court concludes, therefore, that the risk of unfair
2  prejudice to the Government, and the risk of unduly complicating the trial in this case, do not
3  outweigh the probative value of this evidence under Rule 403.

4  This ruling applies only to Kisto's alleged assaults on Pablo.  The Court concludes
5  that Kisto's alleged assault on his sister in January of 2001 is not sufficiently probative of
6  Pablo's credibility to survive scrutiny under Rule 403.  The Court will permit Defendant to
7  present evidence concerning the alleged assaults on Pablo in January of 1995, July of 1996,
8  January of 1999, May of 1999, and November of 2000, but will not permit Defendant to
9  present evidence of Kisto's alleged assault on his sister in January of 2001.

10 **II.    Kisto's Prior Crimes and Bad Acts.**

11 Defendant seeks to introduce evidence that Kisto was convicted of possessing an
12 illegally made firearm in 1988 and aggravated assault in 1990.  The aggravated assault
13 apparently occurred when Kisto hit the victim, starting a fight, with Kisto later obtaining a
14 knife and attacking the victim.  Defendant contends that these prior criminal convictions are
15 relevant on the question of intent – namely, whether  Kisto's intent on the night in question
16 was one of self-defense, as he will testify, or whether Kisto in fact was an aggressor.

17 For two reasons, the Court concludes that these convictions are not admissible.  First,
18 as noted above, when prior bad acts are admitted for the purpose of proving intent, they must
19 be similar to the events in question.  *Tsinnijinnie*, 91 F.3d at 1288-89.  The Court concludes
20 that the weapons conviction and the aggravated assault with a knife are not sufficiently
21 similar to the events at issue in this case to warrant their admissibility.  Second, these crimes,
22 which occurred 13 and 15 years before the events at issue in this case, are too remote in time.
23 Although remoteness in time may be tolerable for actions that are particularly similar to the
24 events in question, the Court does not find that these prior crimes are sufficiently similar to
25 overcome this remoteness.

26 Defendant also seeks to introduce evidence that Kisto was arrested in August of 2000
27 for aggravated assault with his fists, and was arrested in September of 2001 for strong-armed
28

- 5 -

1 robbery, an arrest that resulted in Kisto telling law enforcement several lies about his
2 involvement in the crime. Defendant seeks to introduce these prior acts on the issue of
3 Kisto's intent. The Court concludes, however, that these events are not sufficiently similar
4 to the gun battle that occurred with Defendant to satisfy the similarity requirement for intent
5 evidence. *Id*.

### III.     Evans' Other Bad Acts.

Defendant seeks to introduce evidence that Evans plead guilty in July of 2000 to assaulting an individual with a knife after initially claiming that the individual "jumped" him. Defendant also seeks to introduce evidence that Evans violated his probation in September 2004 by possessing weapons and engaging in other criminal activity. As with the evidence against Kisto, Defendant seeks to introduce this evidence on the question of intent – whether Evans acted in self-defense during his gun battle with Defendant.

Because this is intent evidence, the Court must determine whether it is sufficiently similar to the events at issue in this case. *Id.* The Court easily concludes that the 2004 probation violation, including weapons violations and other alleged criminal activity, is not sufficiently similar to the events in question to be admissible under Rule 404(b). The Court also concludes that the evidence is not particularly probative on the question of Evans' intent on the night in question. The fact that he possessed guns and engaged in other criminal activity in 2004 says little if anything about whether he was acting in self-defense when he engaged in a gun battle with Defendant in 2003.

The Court finds the 2000 assault to be a closer question. Although the event itself is different, Evans' claim of self-defense is similar. Defendant appears to argue that the jury could conclude from Evans' subsequent guilty plea that he in fact was not acting in self-defense when he committed the assault, and that his initial self-defense claim was therefore a fabrication. This evidence, however, would not tend to prove Evans' "intent" during the gun battle with Defendant so much as it would tend to show that Evans makes false assertions of self-defense after he has been engaged in assaultive conduct. In this respect,

- 6 -

it is not the prior criminal act of assault, but Evans' alleged fabrication of a self-defense explanation following the assault, that Defendant finds probative in this case. The Court concludes that the evidence falls within Rule 608(b). Under that rule, instances of the witness' prior conduct, admitted for purposes of attacking the witness' character for truthfulness, may not be proved by extrinsic evidence. They may, however, be inquired into on cross-examination if the Court concludes that they are probative of truthfulness or untruthfulness. The Court concludes that the July 2000 assault and Evans' subsequent self-defense explanation may be inquired into on cross-examination under Rule 608(b), because it is probative of Evan's character for truthfulness in situations like this, but that extrinsic evidence of the events is not admissible.

**IV.    Blackwater's Prior Arrest.**

Defendant seeks to introduce evidence that Blackwater was arrested 12 days before the events at issue in this case, that his arrest was based on other individuals having discharged firearms at his home, and that the prior arrest explains his motive for gathering Kisto and Pablo and bringing them to law enforcement authorities. Defendant suggests that Blackwater wanted them to present a version of the story that would not result in his being arrested for a similar crime.

Applying the Ninth Circuit's Rule 404(b) analysis, the Court concludes as follows: (1) there appears to be sufficient proof for the jury to find that Blackwater was arrested for the offense 12 days before the events at issue in this case; (2) the previous arrest was not too remote in time; and (3) the arrest would be introduced to prove a material issue in the case – Blackwater's motive for coming forward to law enforcement authorities. Because the evidence is not being submitted on the issue of intent, similarity of the conduct is not required. The Court also concludes that the probative value of the evidence on a critical

question – Blackwater's veracity – is not outweighed by the danger of unfair prejudice. Accordingly, the Court concludes that this evidence will be admissible at trial.[2]

**V.     Conclusion.**

The Court will grant in part and deny in part the Government's motion in limine. The Court notes, however, that its rulings on the motion may be affected by developments at trial. Thus, the Court will permit counsel for the Government and Defendant to again raise these issues during trial, outside the hearing of the jury, if counsel concludes that the evidence or arguments as actually presented warrant a different outcome.

The Court invites counsel for the Government to propose appropriate limiting instructions to accompany the evidence to be admitted under this order.

DATED this 7th day of April, 2006.

*/s/ Daniel G. Campbell*
_____
David G. Campbell
United States District Judge

---

[2] Counsel for the Government stated at the final pretrial conference that he wanted to inquire further into the factual accuracy of this evidence. If counsel concludes that Blackwater in fact was not arrested as Defendant contends, he may raise this issue at the beginning of trial.